[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ENTRY
On December 28, 1997, Elizabeth K. Johnson filed the underlying action against Jerry A. Kuhr, a hotel owner, and Paul Woods, Kuhr's employee. Johnson alleged that Woods had sexually molested her, and she presented claims for relief for intentional and negligent torts arising therefrom.
Woods was insured by Seneca Insurance co. ("Seneca"), which on January 14, 1997 moved to intervene as a party defendant. The motion was granted. Seneca thereafter filed an intervenor's complaint, asking the court to determine that its policy created no duty requiring it to defend or indemnify Kuhn on Johnson's claims for relief.
Seneca subsequently filed a motion for summary judgment on its defenses. On September 26, 1997, the trial court granted the motion with respect to Seneca's duty to defend and indemnify Kuhr against Johnson's intentional tort claims, but denied Seneca's motion with respect to its duty to defend and indemnify Kuhr against Johnson's negligence claims. The trial court certified that there was no just reason to delay appellate review of its order, per Civ.R. 54(B).
Seneca filed a timely Notice of Appeal to this court. Kuhr appellee has failed to properly file a brief.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED INTERVENING DEFENDANT, SENECA INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND HELD THAT MR. KUHR'S ALLEGED NEGLIGENT SUPERVISION IS CONSIDERED AN OCCURRENCE UNDER THE INSURANCE POLICY PROVIDING KUHR, AN INSURED, WITH COVERAGE.
To be reviewable on appeal, an order entered by a trial court must be final. Article IV, Section 3(B)(2), Ohio Constitution. An order is not final unless it prevents a judgment. R.C.2905.02. Because a different judgment may yet be entered on the claims or defenses involved, an order denying a motion for summary judgment does not prevent a judgment. Therefore, an order denying a motion for summary judgment is not a final order. State ex rel.Overmeyer v. Walinski (1966), 8 Ohio St.2d 23.
When an order that disposes of one or more but fewer than all the rights and liabilities of the parties prevents a judgment concerning the issues of which it has disposed, the order is not appealable in that respect even though it is final in that same respect. The trial court must also certify, pursuant to Civ.R. 54(B), that there is "no just reason for delay" for the order also to be appealable in that respect. However, a Civ.R. 54(B) certification cannot make a non-final order appealable, because the requirements of both R.C. 2505.02 and Civ.R. 54(B) must be satisfied to permit appellate review. Noble v. Caldwell (1989),44 Ohio St.3d 92.
Civ.R. 56(B) permits a summary judgment for a defendant as to all or any part of the plaintiff's claim against him. The trial court granted a partial summary judgment for Seneca on Johnson's intentional tort claim for relief, but denied Seneca's motion for summary judgment as to Johnson's negligence claim for relief. Because the order prevents a judgment as to the intentional claim it is final in that respect, and would also be appealable as to the relief the order granted pursuant to a Civ.R. 54(B) certification. However, that same certification cannot make the order denying summary judgment on Johnson's negligence claim appealable because that part of the order does not prevent a judgment for Seneca on its claim for relief concerning Johnson's negligence claim.
The error presented for our review arises from that part of the trial court's order which denied Seneca's motion for summary judgment. Therefore, the order from which the appeal is taken is not a final order, and we lack jurisdiction to review the error assigned. General Acc. Ins. Co. V. Insurance Co. Of North America
(1989), 44 Ohio St.3d 17.
This appeal is Dismissed. SO ORDERED.